SELDEN N. MERRIAM, PLAINTIFF IN ERROR, V. JOHN
DUNBAR, DEFENDANT IN ERROR.

.Removal of Cause: COSTS. Although the timely filing of a
proper petition and bond under the provisions of the act of
Congress, approved March 3, 1875, may render it the impera-
tive duty of the state court to make an order removing the
cause to the circuit court of the United States for the proper
district, yet when it does not appear from the record that the
attention of the district court has ever been called to such peti-
tion and bond, nor any motion made to set aside a judgment
rendered after the filing of such petition and bond, this court
will deny costs in a proceeding in error to reverse such judg-
ment.

ERROR to the district court for Otoe county. Tried
below before POUND, J.

*Edwin F. Warren*, for plaintiff in error.

*John C. Watson*, for defendant in error.

COBB, J.

There can be no doubt of the right of the plaintiff
in error to have the case removed to the circuit court
of the United States for the proper district, upon the
petition and bond set out in the record. And had he
called the attention of the district court to the said pe-
tition and bond, we are bound to presume that the
court would have entered an order of removal, and
would not have rendered a judgment in the case. Or,
had he afterwards called the attention of the district
court to its erroneous judgment in the case, no doubt
said court would have set it aside. And a strict adher-
ence to the rules of practice in this court would justify
the refusal of relief until the said plaintiff had first
brought the matter to the attention of the district court

and afforded it an opportunity to correct its own records. But as no substantial purpose would be served by a strict practice in this case, the judgment of the district court will be reversed, and the cause remanded, with direction to the district court . to enter an order of removal, as prayed by the plaintiff in error, *nunc pro tunc*, but without costs in this court.

JUDGMENT ACCORDINGLY.